# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40928

United States Court of Appeals
Fifth Circuit

**FILED**

August 13, 2015

Lyle W. Cayce
Clerk

MICHAEL BRACKEN; LAURA BRACKEN,

Plaintiffs - Appellants

v.

WELLS FARGO BANK NATIONAL ASSOCIATION,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CV-679

Before STEWART, Chief Judge, and JOLLY and GRAVES, Circuit Judges.

PER CURIAM:*

Plaintiffs-Appellants Michael and Laura Bracken (the Brackens) were in negotiations with Appellee Wells Fargo Bank, N.A. (Wells Fargo) for an extended period of time in an attempt to modify their Texas home equity loan. Ultimately, Wells Fargo informed the Brackens it could not modify home equity loans. The Brackens' claims against Wells Fargo stem from conduct and communications during the attempted modification period. Some of these

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims were dismissed for failure to state a claim, while summary judgment was granted in Wells Fargo's favor on the remainder.  We AFFIRM.

## I

The Brackens refinanced their property at 2617 Westridge Drive, Plano, Texas (Property) with a home equity loan (Loan) through Wells Fargo on August 28, 2008.[1]  In October 2008 and February 2009, Michael and Laura Bracken, respectively, each lost their jobs.  The Brackens defaulted on the Loan in January 2009 and failed to make payments from January 2009 to July 2009.  Before falling behind on their payments, the Brackens notified Wells Fargo of their financial difficulties and requested that Wells Fargo arrange a lower payment plan.  Wells Fargo informed the Brackens they did not know any way to help them.  In March 2009, the Brackens requested a loan modification from Wells Fargo via telephone in response to a letter they received outlining options to bring the Loan current.  On May 20, 2009, Wells Fargo sent a monthly mortgage statement to the Brackens showing an overdue balance of $5,379.30.

On July 9, 2009, the Brackens received a letter from Well Fargo's foreclosure counsel, Barrett Daffin Frappier Turner & Engel (BDFTE), indicating Wells Fargo was accelerating their debt and that a foreclosure sale was scheduled for September 1, 2009.  The Brackens allege they were told the foreclosure would run concurrently with their attempt to modify the Loan and that Wells Fargo could postpone the sale date as needed.  The Brackens further allege that, in pursuit of their modification, they were asked to submit three trial payments at a reduced amount, which they successfully paid.  The

---

[1] The facts herein are as alleged by the Brackens in their complaint.  We accept the "well-pleaded facts as true, viewing them in the light most favorable to the [Brackens]."  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

No. 14-40928

Brackens state that Wells Fargo continued to request financial information, which they provided, in order to be considered for the modification. The Brackens continued to contact Wells Fargo to inquire about the status of their modification, receiving varying responses, including that their application was no longer being considered and they would need to begin the modification process again. Wells Fargo postponed foreclosure, and the Brackens began a second trial payment program.

On May 25, 2010, Wells Fargo approved a loan modification for the Brackens, but the Brackens noted that the paperwork from Wells Fargo contained an error regarding their income and requested a lower interest rate, and they returned it to Wells Fargo unsigned. The Brackens allege that they continued to make trial payments but were told by Wells Fargo that the modification could not go forward because there was a lien on the Property. The Brackens allege the county records office confirmed there were no liens and told them that banks sometimes knowingly make false claims that liens exist in order to slow the modification process down.[2] The Brackens were told they had to start the modification process over, and kept submitting trial payments, but these were returned by Wells Fargo. Wells Fargo eventually informed the Brackens that the Loan could not be modified because it was a Texas home equity loan and that a new sale date was set for January 4, 2011. The Brackens filed for bankruptcy to prevent the sale.

The Brackens continued to seek a modification of the Loan but were refused by Wells Fargo, and the Brackens received a notice of default and intent to accelerate from BDFTE on February 3, 2011. The Brackens allegedly

---

[2] Summary judgment evidence later revealed, via an admission of Wells Fargo's corporate representative, that Wells Fargo's internal system would flag Texas home equity loans as having a junior lien issue in order to prevent Wells Fargo from arranging a modification on a home equity loan.

continued to contact Wells Fargo and re-submitted their financial information numerous times. Wells Fargo filed an application for foreclosure, and the Brackens filed this suit on October 16, 2012, to prevent foreclosure.

The Brackens alleged claims for: (1) breach of contract and anticipatory breach of contract; (2) common law tort of unreasonable collection efforts; (3) violations of the Texas Deceptive Trade Practices Act; (4) violations of the Texas Debt Collection Act (TDCA, Section 392 of the Texas Finance Code); (5) negligent misrepresentation; (6) violations of Section 50(a), Article XVI of the Texas Constitution; and (7) declaratory relief and accounting. The Brackens' claims for unreasonable collection efforts, negligent misrepresentation, and breach of contract by preventing performance were all dismissed by the district court under Rule 12(b)(6). The district court granted summary judgment on the remaining claims. This appeal followed.

## II

The only non-abandoned claims on appeal are for violations of the TDCA, Tex. Fin. Code § 392.304(a)(8) and (19). We review a grant of summary judgment de novo, applying the same standards as the district court. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012). Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We construe all facts and inferences in the light most favorable to the nonmoving party when reviewing grants of motions for summary judgment." *Hernandez*, 670 F.3d at 650 (internal quotation marks and citation omitted).

After considering the parties' arguments as briefed and argued on appeal, and after reviewing the record, the applicable law, and the district

court's judgment and reasoning, we AFFIRM the district court's judgment and adopt its analysis in full.