# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41308
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 24, 2017

Lyle W. Cayce
Clerk

LIVIER HERNANDEZ,

Plaintiff - Appellant

v.

SELECT PORTFOLIO SERVICING, INCORPORATED,

Defendant - Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CV-976

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

This appeal is from a summary judgment in favor of the mortgage loan servicer in a foreclosure case. The principal issue is whether the acceleration of the note was abandoned, causing the statute of limitations to cease to run. Finding no error, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41308

## I.     BACKGROUND and PROCEDURAL HISTORY

In 2004, Plaintiff-Appellant Livier Hernandez ("Hernandez") signed a promissory note for $242,400 and a deed of trust establishing a lien on her residence.  In 2008, Hernandez stopped making payments on the note.  On August 7, 2008, Hernandez was sent a letter notifying her of her default and the mortgagee's intention to accelerate the debt and to initiate foreclosure proceedings.  The letter also provided that the amount of debt was $244,875.94.  It is undisputed that no payments have been made on the note after the notice of acceleration on August 7, 2008.

Two years later, on August 19, 2010, a letter was sent notifying Hernandez that she could cure the default by paying $68,682.57 on or before September 18, 2010.   The letter further notified Hernandez that if the default was not timely cured, the "mortgage payments **will be accelerated** with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time."  (emphasis in original).  Additionally, the letter provided that if Hernandez was unable to cure the default, she had other options that could potentially prevent a foreclosure sale of her property.   The options included:  (1) paying half the amount due for the cure and seeking assistance through BAC Home Loans Servicing; (2) seeking to lower the monthly payments through a modification of the loan by reducing the interest rate; and (3) avoiding a foreclosure sale by deeding the property directly to the noteholder.

Another two years later, on October 4, 2012, a letter was sent to Hernandez stating that "[p]er your request, we have enclosed information concerning the reinstatement of this loan."  It provided that the reinstatement calculation was $135,575.87 and was due by October 17, 2012.

On January 1, 2014, Defendant-Appellee Select Portfolio Servicing, Inc. ("SPS"), acting as the mortgage loan servicer, sent Hernandez a letter stating

No. 16-41308

that Hernandez could cure the default by paying $174,996.67 within 30 days. The letter also provided that if SPS did not receive the cure amount or "some loss mitigation alternative to foreclosure has not started, the Noteholder will accelerate all payments owing on your Note and require that you pay all payments owing and sums secured by the security Instrument in full."

On November 4, 2014, SPS sent Hernandez a letter notifying her that her default was not cured and thus, the loan was accelerated, leaving the entire balance of the loan due and payable in full. Also included was a copy of the notice of the trustee's sale advising the foreclosure sale of the property would take place on December 2, 2014.

On December 1, the day before the scheduled foreclosure sale, Hernandez filed suit in state court in Hidaldgo County, Texas. In her petition, Hernandez claimed that: (1) the four-year statute of limitations had run on the debt; and (2) SPS and "its predecessors have by their past conduct waived the right to insist upon timely payment and have waived the right to accelerate based upon late payments." Hernandez successfully obtained a temporary restraining order commanding SPS to desist and refrain from conducting the foreclosure sale.

SPS then removed the suit to federal district court based on diversity jurisdiction. Both SPS and Hernandez filed motions for summary judgment. On November 6, 2015, the district court held a status conference. Ruling from the bench, the district court granted SPS's motion for summary judgment, stating that the acceleration had been abandoned. The court inquired what issues were left, and counsel stated that the court's ruling disposed of all the issues. The court responded that it would "deny Judgment." After further inquiry, the court learned that Hernandez still lived in the home and that it had not been foreclosed. The court suggested that the parties "try to work

3

something out to see if somebody will come up and pay for it or refinance it." The court set a status conference for January 7, 2016.

At the January 7th status conference, the court inquired whether the parties had reached a settlement, and counsel informed the court that they had been unable to reach an agreement. The court stated that it had previously granted the motion for summary judgment and "so I'll go ahead and sign the Order." Hernandez filed a motion for reconsideration, which the district court denied. On September 6, 2016, the district court entered judgment. Hernandez timely filed notice of appeal.

II. ANALYSIS

This Court reviews a "grant of summary judgment de novo, applying the same standard as the district court." *QBE Ins. Corp. v. Brown & Mitchell, Inc.*, 591 F.3d 439, 442 (5th Cir. 2009). The moving party is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Hernandez's principal argument on appeal is that the district court erred in ruling that because SPS and its predecessors had abandoned its acceleration of the note, the statute of limitations had ceased to run. As explained below, her argument is precluded by our published opinion in *Boren v. U.S. Nat'l Bank Ass'n.*, 807 F.3d 99 (5th Cir. 2015).[1]

In Texas, a mortgagee must file suit with respect to the foreclosure of a real property lien no later than four years after the day that the cause of action

---

[1] Hernandez also argues that the district court erred in granting SPS's motion for summary judgment because SPS did not file a response to Hernandez's motion for summary judgment. As explained below, the undisputed facts support the district court's grant of summary judgment. In any event, a party's alleged failure to respond is not a proper ground to grant summary judgment. *See John v. La. (Bd. Of Trustees for State Colleges and Universities)*, 757 F.2d 698, 709 (5th Cir. 1985).

accrues. *Boren,* 807 F.3d at 104 (TEX. CIV. PRAC. & REM. CODE § 16.035(a)). Because the instant note contains an optional acceleration clause, the "action accrues when the holder actually exercises its option to accelerate." *Id.* (internal quotation marks and citation omitted). To properly accelerate the loan, the note holder must give notice of intent to accelerate and notice of acceleration. *Id.* These notices must be "clear and unequivocal." *Id.* (internal quotation marks and citation omitted). Here, the note was accelerated on August 7, 2008.

However, after a lender accelerates a note, the acceleration "can be abandoned 'by agreement or other action of the parties.'" *Id.* (quoting *Khan v. GBAK Props.,* 371 S.W.3d 347, 353 (Tex. Ct. App. 2012)). SPS argued, and the district court agreed, that the actions of SPS and its predecessors abandoned the acceleration. More specifically, SPS and its predecessors sent notices to Hernandez on at least three occasions between 2010 and 2014, offering to allow Hernandez to cure her default with a partial payment of the loan. The letters containing those notices were dated August 19, 2010, October 4, 2012, and January 1, 2014.

This Court, applying Texas law, has held that a "lender may unilaterally abandon acceleration of a note, thereby restoring the note to its original condition." *Id.* at 105. Like the instant case, in *Boren*, the bank sent notice to the borrower that the lender was no longer attempting to collect the entire balance of the loan and would allow the borrower to cure its default by providing a specified amount to bring the note current under its original terms. *Id.* at 105–06. The notice also provided that the bank would accelerate the loan if the Borens failed to pay the specified amount. *Id.* We held that this "notice unequivocally manifested an intent to abandon the previous acceleration and provided the Borens with an opportunity to avoid foreclosure if they cured their arrearage." *Id.* at 106. Because the acceleration had been

No. 16-41308

abandoned, "the statute of limitations period under § 16.035(a) ceased to run at that point and a new limitations period did not begin to accrue until the Borens defaulted again and [the bank] exercised its right to accelerate thereafter." *Id.*

Here, the notices sent to Hernandez expressly (1) allowed her to cure her default with a specified sum less than the full balance of the loan and (2) notified her that if she failed to cure the default by a specified date, the full amount of the note would be accelerated. Applying *Boren,* we must conclude that the instant notices "unequivocally manifested an intent to abandon the previous acceleration" and allowed Hernandez an opportunity to avoid foreclosure by curing the default. *Id.*

Accordingly, although the note at issue was accelerated on August 7, 2008, the acceleration was unequivocally abandoned two years later by the notice dated August 19, 2010. As such, the four-year statute of limitations ceased to run when the acceleration was abandoned on August 19, 2010. *Boren,* 803 F.3d at 106. On November 4, 2014, SPS once again accelerated the note and also sent notice of a foreclosure sale date. *See Martin v. Fed. Nat'l Mortg. Ass'n,* 814 F.3d 315, 318 (5th Cir. 2016) (explaining that the statute of limitations begins to run from the most recent acceleration and not from any earlier accelerations the lender had abandoned). The instant litigation ensued within a month of that notice. Thus, this lawsuit was filed well within the four-year statute of limitations. *Boren,* 807 F.3d at 104 (TEX. CIV. PRAC. & REM. CODE § 16.035(a)).

For the above reasons, the district court's judgment is AFFIRMED.

6