**AFFIRM; and Opinion Filed February 23, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-16-01334-CV**

**MICHAEL BRACKEN AND LAURA BRACKEN, Appellants**
**V.**
**WELLS FARGO BANK, N.A., Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-04774-2014**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Boatright
Opinion by Justice Boatright

Wells Fargo Bank, N.A. sued Michael and Laura Bracken for judicial foreclosure after the

Brackens defaulted on their home equity loan. After granting Wells Fargo's motion for summary

judgment, the trial court entered a final judgment for judicial foreclosure. On appeal, the Brackens

contend the trial court erred in granting Wells Fargo's motion because (1) Wells Fargo was

judicially estopped from arguing waiver of acceleration, (2) Wells Fargo's lien was invalid and

unenforceable under the statute of limitations, and (3) waiver was a question of fact for the jury.

We affirm the trial court's judgment.

### BACKGROUND

In 2008, the Brackens refinanced their home at 2617 Westridge Drive, Plano, Texas.

Michael Bracken signed a Texas Home Equity Note payable to Wells Fargo, and both the Brackens

signed a Texas Home Equity Security Instrument granting a security interest in the Property. After making several payments, the Brackens defaulted on the Loan. On February 15, 2009, Wells Fargo sent the Brackens a written notification of default and intent to accelerate. On July 6, 2009, Wells Fargo sent a written notice that the debt had been accelerated.

Wells Fargo did not immediately pursue foreclosure but instead explored various loss mitigation options for the Brackens. Ultimately, these efforts proved unsuccessful. In February 2011, Wells Fargo sent the Brackens another notice of default and intent to accelerate, followed by a notice of acceleration. When Wells Fargo sought an order authorizing nonjudicial foreclosure against the Property, the Brackens filed suit to prevent foreclosure, alleging claims for: (1) breach of contract and anticipatory breach of contract; (2) the common law tort of unreasonable collection efforts; (3) violations of the Texas Deceptive Trade Practices Act; (4) violations of the Texas Debt Collection Act; (5) negligent misrepresentation; (6) violations of Section 50(a), Article 16 of the Texas Constitution; and (7) declaratory relief and accounting. The case was removed to federal court, *Bracken v. Wells Fargo Bank, N.A.*, 13 F. Supp. 3d 673 (E.D. Tex. 2014), and Wells Fargo filed a motion to dismiss and a separate motion for summary judgment. The federal district court granted Wells Fargo's motion to dismiss in part, dismissing the Brackens' claims for unreasonable collection efforts, negligent misrepresentation, and breach of contract by preventing performance. The court granted Wells Fargo's motion for summary judgment on all remaining claims. The Brackens appealed to the United States Court of Appeals for the Fifth Circuit, which affirmed the district court's decision in favor of Wells Fargo. *Bracken v. Wells Fargo Bank, N.A.*, 612 F. App'x 248 (5th Cir. 2015) (per curiam).

In December 2014, Wells Fargo filed this lawsuit against the Brackens, seeking a judgment for judicial foreclosure. The Brackens moved for summary judgment, asserting that Wells Fargo's lien on the Property was void because Wells Fargo did not bring its foreclosure suit within the four

year statute of limitations. Wells Fargo filed a cross motion, asserting the foreclosure was not barred by limitations because it had abandoned the 2009 acceleration, pursued loss mitigation with the Brackens for some time, and only re-accelerated the Loan in March 2011 after loss mitigation proved ineffective. The trial court denied the Brackens' motion, granted Wells Fargo's motion, and entered a final judgment for judicial foreclosure. The Brackens filed a motion for new trial, raising the affirmative defense of judicial estoppel. The trial court granted the Brackens' motion to allow the parties to address the affirmative defense. The parties again filed cross-motions for summary judgment. The trial court denied the Brackens' second motion for summary judgment, granted Wells Fargo's second motion, and signed a final judgment for judicial foreclosure. When their second motion for new trial was denied, the Brackens filed this appeal.

**DISCUSSION**

The Brackens present one issue with three sub-parts for our review. They contend the trial court erred in granting Wells Fargo's motion for summary judgment because: (1) Wells Fargo was judicially estopped from arguing waiver of acceleration; (2) Wells Fargo did not waive acceleration so its lien became invalid and unenforceable under the statute of limitations; and (3) the evidence demonstrated that there was an issue of material fact (waiver of acceleration) regarding an essential element of Wells Fargo's claim for judicial foreclosure.

We review a trial court's decision to grant a motion for summary judgment de novo. *Helix Energy Solutions Group, Inc. v. Gold*, 522 S.W.3d 427, 431 (Tex. 2017). "We review the evidence presented in the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). To prevail on a traditional motion for summary judgment, a movant has the burden to demonstrate that no genuine

–3–

issue of material fact exists and judgment should be rendered as a matter of law. TEX. R. CIV. P. 166a(c). When both parties move for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law; neither party can prevail because of the other's failure to discharge its burden. *Hackberry Creek Country Club, Inc. v. Hackberry Creek Home Owners Ass'n*, 205 S.W.3d 46, 50 (Tex. App.—Dallas 2006, pet. denied). We review the summary judgment evidence presented by both parties and determine all questions presented. *Kaye/Bassman Int'l Corp. v. Help Desk Now, Inc.*, 321 S.W.3d 806, 812 (Tex. App.—Dallas 2010, pet. denied). We then render the judgment the trial court should have rendered. *Fielding*, 289 S.W.3d at 848.

## 1. JUDICIAL ESTOPPEL

The Brackens argue that Wells Fargo is judicially estopped from arguing that it abandoned the July 2009 acceleration of the Loan because Wells Fargo successfully took an inconsistent position in the prior federal court proceeding that it did not waive its right to foreclose the Loan. Judicial estoppel precludes a party who successfully maintained a position in one proceeding from later adopting a clearly inconsistent position in a subsequent proceeding. *Ferguson v. Building Materials Corp. of Am.*, 295 S.W.3d 642, 643 (Tex. 2009). Its essential function is to "prevent the use of intentional self-contradiction as a means of obtaining unfair advantage." *Pleasant Glade Assembly of God v. Schubert*, 264 S.W.3d 1, 6 (Tex. 2008).

In the prior suit, the Brackens claimed that Wells Fargo waived its right to foreclose by inducing the Brackens to remain in default while Wells Fargo considered their loan modification application. In response, Wells Fargo argued that its forbearance in 2009 and 2010 did not constitute a waiver of its right to later foreclose under the express terms of the Loan documents. According to the record before us on appeal, whether Wells Fargo waived or abandoned its 2009 Loan acceleration was not raised or considered in the prior suit. The federal district court did not

rule on abandonment of acceleration; it merely ruled that Wells Fargo did not intentionally relinquish the right to foreclose. *Bracken*, 13 F. Supp. 3d at 681. Wells Fargo contends that its position in the prior litigation that it did not waive its contractual right to foreclose in the future is not inconsistent with its position here that it abandoned a specific acceleration. We agree. The abandonment of a specific event of acceleration and the waiver of the right to accelerate and foreclose are distinct considerations. *Justice v. Wells Fargo Bank N.A.*, 674 F. App'x 330, 335 (5th Cir. 2016) (per curiam). We conclude the doctrine of judicial estoppel does not bar Wells Fargo from asserting it abandoned the July 2009 acceleration in this case.

## 2. ABANDONMENT OF ACCELERATION

Under Texas law, a secured lender must bring suit for the foreclosure of a real property lien within four years after the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(a) (West 2002). "On the expiration of the four-year limitations period, the real property lien and a power of sale to enforce the real property lien become void." *Id*. § 16.035(d). Where, as here, a note is payable in installments and is secured by a real property lien, the four-year limitations period does not begin to run until the maturity date of the last note, obligation, or installment. *Id*. § 16.035(e). If a note or deed of trust secured by real property contains an optional acceleration clause, the action accrues when the holder of the note actually exercises its option to accelerate. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). To properly accelerate the loan, the note holder must give notice of intent to accelerate and notice of acceleration. *Id*. There is no dispute that Wells Fargo exercised its option to accelerate the Loan on July 6, 2009. The Brackens contend that the cause of action for foreclosure accrued on this date. They further contend that because the four-year statute of limitations expired before Wells Fargo filed its foreclosure suit in December 2014, Wells Fargo's lien and power of sale were void at the

time it sought to foreclose on the Property. Wells Fargo counters that foreclosure was not barred by limitations because it abandoned the July 2009 acceleration.

After a lender accelerates a note, the acceleration can be abandoned by agreement or other action of the parties. *Khan v. GBAK Properties, Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.). In the absence of an express notice of rescission of acceleration, the lender may show abandonment of acceleration by conduct. *NSL Property Holdings, LLC v. Nationstar Mortgage, LLC*, No. 02-16-00397-CV, 2017 WL 3526354, at *2 (Tex. App.—Fort Worth Aug. 17, 2017, pet. denied) (mem. op.). "If acceleration is abandoned before the limitations period expires, the note's original maturity date is restored and the noteholder is no longer required to foreclose within four years from the date of acceleration." *Leonard v. Ocwen Loan Servicing, L.L.C.*, 616 F. App'x 677, 679 (5th Cir. 2015). The Brackens argue that Wells Fargo did not abandon the 2009 acceleration because: (1) the Loan documents mandated that any abandonment of acceleration be in writing, and (2) Wells Fargo's post-acceleration actions were not sufficient evidence of abandonment.

### *Written Waiver*

Wells Fargo's February 15, 2009 notice of default contains the following provision: "any future negotiations attempting to reinstate your loan or any payment of less than the full amount due shall not constitute Wells Fargo Bank, N.A.'s waiver of the acceleration unless agreed to, in writing, by Wells Fargo Bank, N.A. and may be returned." The Brackens interpret this language to mean that any abandonment of acceleration must be in writing, but the provision is not that broad. The provision references two actions—negotiations attempting to reinstate *your* loan and payment of less than the full amount—both actions by the borrower. In order for either of these two actions to rescind acceleration by Wells Fargo, it must agree to them in writing. However, the

provision does not state that the only way Wells Fargo can abandon its acceleration is by written agreement.

The Brackens also argue that the Security Instrument expressly states that no actions by Wells Fargo may be construed as an abandonment of acceleration. The pertinent provision provides:

> Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

The Brackens fail to adequately explain how this provision relates to abandonment. The abandonment of a specific acceleration is distinct from the waiver of the Lender's right to accelerate in the future, and the Security Instrument provision only addresses the latter. *See Justice*, 674 F. App'x at 335 (rejecting borrower's argument that identically worded language in a security instrument was a "disclaimer" of abandonment). The provision provides Wells Fargo with a reservation of rights if it chooses to refrain from exercising a right or remedy; it does not preclude Wells Fargo from abandoning a specific acceleration of the Loan.

### *Wells Fargo's Post-Acceleration Actions*

Wells Fargo contends that it conclusively proved abandonment of the 2009 acceleration by its conduct. The summary judgment evidence shows that after accelerating the Loan, Wells Fargo did not immediately proceed with a foreclosure. The parties first attempted a short-term repayment plan to bring the Brackens' payments current. Under this plan, calculated on the past-due balance and not on the entire accelerated Loan balance, the Brackens agreed to make two partial payments of $538.00—one in August 2009 and the second in September 2009—and a balloon payment of $16,169.38 in October, 2009. The Brackens made, and Wells Fargo accepted, the August and September partial payments; however, they did not make the October balloon payment. Wells

Fargo contends that the repayment plan calculated on the less-than-the-accelerated-balance and its acceptance of partial payments is evidence that it abandoned the 2009 acceleration.

In November 2009, Wells Fargo and the Brackens began discussing a loan modification. The parties agreed to a Home Affordable Modification Program Loan Trial Period (the HAMP Trial Plan), the first step for a loan modification. In late 2009 and early 2010, the Brackens made, and Wells Fargo accepted, the trial payments required by the HAMP Trial Plan. The Brackens were also required to provide additional financial information. In May 2010, Wells Fargo approved the Brackens' modification application and sent them a final modification agreement. However, the Brackens did not sign the agreement. Wells Fargo contends that loan restructuring efforts and its acceptance of trial payments for less than the accelerated balance are also evidence that it abandoned the 2009 acceleration. "Even when a noteholder has accelerated a note upon default, the holder can abandon acceleration if the holder continues to accept payments without exacting any remedies available to it upon declared maturity." *Holy Cross*, 44 S.W.3d at 566–67. Considering similar facts, one of our sister courts concluded that a lender's conduct in accepting post-acceleration partial payments, taking no affirmative steps to foreclose, and entering into payment restructuring agreements to bring delinquent payments current was evidence that the lender abandoned its earlier acceleration. *Biedryck v. U.S. Bank N.A.*, No. 01-14-00017-CV, 2015 WL 2228447, at *4–5 (Tex. App.—Houston [1st Dist.] May 12, 2015, no pet.) (mem. op.).

During loss mitigation efforts, Wells Fargo periodically sent the Brackens mortgage statements requesting payment of the then-due and past-due amounts. These statements did not request payment of the entire accelerated balance. Wells Fargo argues that the statements are evidence that it abandoned the 2009 acceleration, citing *Leonard*, 616 F. App'x at 680, in which the Fifth Circuit held that a note servicer had unilaterally abandoned a previous acceleration by

sending the borrowers account statements indicating a past-due balance and giving the borrowers an option to cure default by paying such balance.

Finally, in February 2011, Wells Fargo sent the Brackens a notice of default and intent to accelerate which informed the Brackens that they were in default, that they needed to pay the past-due balance to cure their default, and that failure to cure the default within 30 days would result in acceleration of the Loan. Wells Fargo contends that this demand for less than the entire balance of the Loan is evidence that it abandoned the 2009 acceleration. It relies on a Fifth Circuit case, *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99 (5th Cir. 2015), and similar Fifth Circuit cases, holding that proof of such a letter or other communication indicating a willingness to accept less than the full accelerated amount due can be sufficient to prove as a matter of law that a lender has unequivocally elected to abandon a prior acceleration. *See id*. at 106 (second notice of default manifested intent to abandon previous acceleration); *see also Hernandez v. Select Portfolio Servicing, Inc*., 687 F. App'x 371, 374 (5th Cir. 2017) (per curiam) (post-acceleration notices allowing borrower to avoid foreclosure by curing default unequivocally manifested intent to abandon previous accelerations).

The Brackens contend we should not rely on these holdings because *Boren* was merely an *Erie* guess, alluding to the United States Supreme Court's decision in *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). In *Boren*, the Fifth Circuit concluded that the Texas Supreme Court would likely hold that a lender may unilaterally abandon acceleration of a note by sending a notice to the borrower that the lender was no longer seeking to collect the full balance of the loan and would permit the borrower to cure its default by bringing the note current. *Boren*, 807 F.3d at 105. The *Boren* court noted that when considering the issue of abandonment of acceleration, Texas courts look to traditional principals of waiver. *Id*. at 105–06. Under Texas law, the elements of waiver include: (1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct

inconsistent with the right. *Graham v. LNV Corp.*, No. 03-16-00235-CV, 2016 WL 6407306, at *3 (Tex. App.—Austin Oct. 26, 2016, pet. denied) (mem. op.) (citing *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008)). "Waiver … can occur either expressly, through a clear repudiation of the right, or impliedly, through conduct inconsistent with a claim to the right." *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511 (Tex. 2015).

In this case, it is undisputed that after the July 2009 Loan acceleration, Wells Fargo accepted payments that were less than the accelerated balance due, negotiated a short-term repayment plan and a loan modification agreement, sent account statements showing past-due and then-due amounts, and finally sent a second notice of default and intent to accelerate in February 2011. Notwithstanding these loss mitigation efforts, the 2011 notice unequivocally manifested an intent to abandon the 2009 acceleration and provided the Brackens with an opportunity to avoid foreclosure if they cured their arrearage. Taking as true all evidence favorable to the Brackens and indulging every reasonable inference in their favor, we conclude that Wells Fargo conclusively established that it abandoned the 2009 acceleration.

### 3. ISSUE OF MATERIAL FACT

The Brackens contend the trial court erred in granting Wells Fargo's motion for summary judgment because there was an issue of material fact regarding one of the elements of Wells Fargo's claim for judicial foreclosure. "To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) plaintiffs are in default under the note and security instrument; and (4) plaintiffs received notice of default and acceleration." *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd,* 583 F. App'x 306 (5th Cir. 2014). The Brackens contend there was an issue of material fact as to the second element— whether the lien securing the debt was valid and enforceable. They argue that because Wells Fargo

–10–

failed to conclusively establish abandonment of its 2009 Loan acceleration, the statute of limitations expired and Wells Fargo's lien was no longer valid and enforceable. The Brackens also argue that waiver/abandonment is a question of fact that should have been determined by a jury.

Ordinarily, waiver is a question of fact; however, when the facts that are relevant to a party's relinquishment of an existing right are admitted or clearly established, waiver may be established as a matter of law. *Blackstone Med., Inc. v. Phoenix Surgicals, L.L.C.*, 470 S.W.3d 636, 646 (Tex. App.—Dallas 2015, no pet.). The Brackens do not dispute the Loan documents in evidence or the post-acceleration actions taken by Wells Fargo; rather, they dispute the effect of such documents and actions. Because the relevant facts were admitted or clearly established, no genuine issue of material fact exists, and whether Wells Fargo abandoned the 2009 Loan acceleration was a question of law.

We have already determined that Wells Fargo abandoned the 2009 acceleration. This abandonment restored the contract to its original terms and restored the note's original maturity date. *Khan*, 371 S.W.3d at 353. The evidence reflects that Wells Fargo re-accelerated the Brackens' Loan in March 2011, and filed its judicial foreclosure suit in December 2014, within the four-year statutory time frame. TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(a). Wells Fargo conclusively established, as a matter of law, that its lien and power of sale had not expired. Accordingly, we conclude the trial court did not err in granting Wells Fargo's motion for summary judgment. We overrule the Brackens' sole issue.

## CONCLUSION

We affirm the trial court's judgment.

/Jason Boatright/
JASON BOATRIGHT
JUSTICE

161334F.P05

–11–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL BRACKEN AND LAURA
BRACKEN, Appellants

No. 05-16-01334-CV     V.

WELLS FARGO BANK, N.A., Appellee

On Appeal from the 401st Judicial District
Court, Collin County, Texas
Trial Court Cause No. 401-04774-2014.
Opinion delivered by Justice Boatright.
Justices Francis and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee WELLS FARGO BANK, N.A. recover its costs of this appeal from appellants MICHAEL BRACKEN AND LAURA BRACKEN.

Judgment entered this 23rd day of February, 2018.